

**Sanford Heisler Sharp, LLP**
1350 Avenue of the Americas, Floor 31
New York, NY 10019
Telephone: (646) 402-5650
Fax: (646) 402-5651
www.sanfordheisler.com

*Inayat Ali Hemani*, Senior Litigation Counsel
(646) 362-1611
ihemani@sanfordheisler.com

New York | Washington D.C. | San Francisco| San Diego | Nashville | Baltimore

April 3, 2020

**VIA ELECTRONIC FILING**

The Honorable Judge Gabriel W. Gorenstein
Courtroom 6B
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      *Re:*    *United States ex rel. Raffington v. Bon Secours, et al.,*
            **Case No. 10-cv-9650 (RMB)(GWG)**

Dear Judge Gorenstein,

      Plaintiff-Relator June Raffington respectfully requests a twelve-week extension, to July 17, 2020, to submit expert disclosures related to liability in this case due to the impact of the coronavirus pandemic (the "Pandemic") upon Relator's counsel and experts. The Court previously had established April 24, 2020, as Relator's deadline to submit expert disclosures related to liability (Dkt. 464). This is Relator's first request for an extension of the deadline to submit expert disclosures related to liability.[1]

---

[1] Pursuant to section 2(A) of this Court's Individual Rules of Practice, Relator conferred with Defendants regarding this request. Relator emailed Defendants on Monday, March 30 regarding Relator's request and asked for a time to meet and confer by phone on March 30 or 31. Defendants agreed to meet and confer on April 2, and the Parties held a telephonic meet and confer on that date at 12:00 p.m. for approximately 20 minutes in an attempt to reach an agreement regarding Relator's request for extension. The meet and confer was attended by Danielle Vrabie and Erica Kraus for the Defendants and Jennifer Siegel, Inayat Ali Hemani and Katie Mesner-Hage for the Relator.

On the call, Relator explained to Defendants that efforts to complete Relator's expert disclosures had been disrupted by the Pandemic because one of Relator's experts was a doctor working extended shifts in a hospital, another expert's staff included an individual who had fallen ill and a nurse who was working extended shifts, and Relator's counsel and experts were all encountering additional burdens because of office closures. Relator's counsel also expressed a concern that in light of the uncertainty created by the Pandemic, should Relator seek an extension shorter than 12 weeks, Relator may need to return to the Court for an additional extension. Defendants' counsel agreed to a four-week extension in light of the circumstances but stated that they did not have sufficient details about disruption to Relator's experts,

Letter to the Honorable Judge Gabriel W. Gorenstein
April 3, 2020
Page 2 of 4

### I. The Unprecedented Nature of the Coronavirus Pandemic and its Effects on the United States Judiciary System

New York City has become a global epicenter of the Pandemic,[2] which has posed significant challenges to court operations across the United States. Over the past two weeks, courts nationwide have issued orders placing significant restrictions on visitors to the court, mandating teleconferences rather than in-person hearings, and extending all deadlines for court submissions. Effective March 30, 2020, operations in the Southern District of New York were further curtailed in response to the Pandemic for the period of March 30 through April 11, 2020. Various judges in the Southern District of New York have established standing orders to extend previously-set deadlines in their cases.[3]

### II. Impact of the Coronavirus Pandemic on Plaintiff-Relator's Counsel

On March 7, 2020, New York Governor Andrew Cuomo issued Executive Order 202, declaring a State disaster emergency for the entire State of New York. On March 12, the Executive Committee of Sanford Heisler Sharp established and strongly encouraged utilization of a work-from-home policy for all employees. Most of Relator's counsel began working from home at that time in order to avoid unnecessary commutes and potential exposure to the coronavirus at a time when the virus was rapidly spreading in the vicinity of the firm's office in Midtown, Manhattan.

Effective March 20, 2020, New York Executive Order 202.6 advised all businesses to reduce in-person workforce by 50 percent. Executive Order 202.8 then expanded the directive regarding telecommuting and advised employers to "reduce the in-person workforce at any work locations by 100% no later than March 22 at 8 p.m." As a result, Plaintiff-Relator's counsel began exclusively working from home on Monday, March 23.

With daily case management being coordinated from counsel's New York homes, the impact of Governor Cuomo's Executive Orders has prevented counsel from moving at the pace that would allow them to meet the current April 24, 2020 deadline. The firm's office closure is a necessary step to help contain the Pandemic, but one which has slowed internal operations considerably. Of particular concern moving forward is the necessity for counsel to log into remote

---

Defendants wanted to "get the show on the road," and everyone was dealing with difficult circumstances in "the new world." At the conclusion of the call, Defendants stated that they would provide a response to Relator's request by the end of the day. Defendants then emailed Relator that Defendants would only agree to a 30-day extension, and the Parties were therefore at an impasse.

[2] *See* Jesse McKinley, *New York City Region Is Now an Epicenter of the Coronavirus Pandemic*, NEW YORK TIMES (March 22, 2020), https://www.nytimes.com/2020/03/22/nyregion/Coronavirus-new-York-epicenter.html.

[3] *See* Magistrate Judge Hon. Katharine H. Parker's "COVID-10 (Coronavirus) Notice – March 17th, 2020," *available at* https://nysd.uscourts.gov/sites/default/files/practice_documents/KHP%20Parker%20Pandemic.pdf; District Judge Hon. Colleen McMahon's "Modification to Existing Civil Scheduling Orders and Related Matters – March 31st, 2020," *available at* https://nysd.uscourts.gov/sites/default/files/practice_documents/MC%20McMahon%20COVID%20Modification%20of%20Scheduling%20Orders%20%20033120.pdf.

Letter to the Honorable Judge Gabriel W. Gorenstein
April 3, 2020
Page 3 of 4

systems, using slower home internet connections, as well as the challenges of coordinating with several experts from home offices.

### III. Impact of the Coronavirus Pandemic on Plaintiff-Relator's Medical Expert

Plaintiff-Relator has retained Dr. Joel Bauman to serve as a medical expert. (See Exhibit 1, Declaration of Dr. Joel S. Bauman.)  Dr. Bauman lives and works in Worcester, Massachusetts. The hospital where he is employed, UMass Memorial Medical Center, recently initiated a Surge Plan to address and mitigate the public health crisis brought on by the Pandemic.  On March 25, 2020, Dr. Bauman was pressed into service under the Surge Plan, resulting in longer and more frequent shifts at the hospital, as well as an entirely new role overseeing the extension of palliative care services into the community.

This drastic increase in Dr. Bauman's clinical and administrative workload will significantly impact his availability to prepare his expert report within the current timeframe.  Due to the unpredictable nature of the Pandemic, Dr. Bauman is currently unsure of how long this increased workload will persist, and his employer has given no indication of when the Surge Plan will be terminated or modified.

### IV. Impact of the Coronavirus Pandemic on Plaintiff-Relator's Medical Coding Expert and Her Staff

Plaintiff-Relator has retained Allegiant Experts to serve as a medical coding expert, primarily under the direction of Ms. Jessica Schmor. (See Exhibit 2, Declaration of Jessica Schmor.)  Ms. Schmor works remotely with additional staff to coordinate review of patient medical and billing records.

A. *Impact on Jessica Schmor*

Ms. Schmor is based in Orange County, Florida where a State of Local Emergency was declared on March 13, 2020.  Similar to New York, Orange County officials have placed restrictions on the non-essential workforce, requiring many workers to work from home.  With the influx of employees working remotely, internet speed has slowed considerably; wait times when Ms. Schmor has attempted to contact her internet provider as well as Allegiant Expert's IT vendor have been unusually long as the vendor works to migrate all clients to home-based work.

Further, Ms. Schmor's administrative assistant has recently fallen ill with an upper-respiratory flu-like illness.  Ms. Schmor and another Allegiant employee, who is normally staffed full-time on this case, now each spend approximately 15 hours per week completing the administrative tasks normally performed by this assistant.

Letter to the Honorable Judge Gabriel W. Gorenstein
April 3, 2020
Page 4 of 4

### B. *Impact on Allegiant Experts' Staff*

Ms. Schmor currently oversees seven medical reviewers who work on this case under her direction. Four staff are based in Orange County, Florida, two are based in Austin, Texas, and one is based Minnesota.

One reviewer is a part-time nurse in a home healthcare setting and has been called upon to dedicate considerably more time to nursing care as a result of the Pandemic to assist with an influx of patients requiring medical treatment and to cover for other nurses who have fallen ill. This reviewer's availability to work on the case was reduced during the previous weeks, which slowed the overall progress of work on the case.

Two members of the staff have school-age children whose schools have closed to slow the spread of the coronavirus; these individuals have had to take on additional childcare duties as a result.

Further, each of the Allegiant staff has experienced internet and IT issues similar to those experienced by Ms. Schmor, which has slowed the expected pace of work. To safeguard protected health information ("PHI") contained in the documents under review, Allegiant Experts utilizes a terminal server to provide document access to the firm's staff, which prevents the download of documents to personal devices and ensures that all documents remain on Allegiant Experts' server. While a necessary feature to protect PHI from unauthorized access or distribution, staff have reported significant delays in accessing files via the terminal server since migrating to a work-from-home environment.

## V.     Conclusion

The coronavirus pandemic has created a significant hurdle to Relator's submission of expert disclosures by the April 24, 2020 deadline. The ongoing uncertainty regarding the length of current workplace restrictions and the greater impacts of the Pandemic also counsel in favor of the requested relief. For the foregoing reasons, Plaintiff-Relator respectfully requests that the Court grant a twelve-week extension of the deadline to submit expert disclosures relating to liability.

Dated:  April 3, 2020                                          Respectfully yours,

                                                                                *s/ Inayat Ali Hemani*
                                                                                Inayat Ali Hemani, Esq.
                                                                                Andrew Melzer, Esq.
                                                                                Jennifer Siegel, Esq.
                                                                                Sanford Heisler Sharp, LLP
                                                                                *Counsel for Plaintiff-Relator*

cc:    All counsel of record