…

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES and STATE OF NEW YORK :
ex rel. JUNE RAFFINGTON, :
                                     Plaintiff, :
                                                                                               10 Civ. 9650 (RMB)
                  -against- : **ORDER**

BON SECOURS HEALTH SYSTEM, INC.,
BON SECOURS NEW YORK HEALTH
SYSTEM, and SCHERVIER LONG TERM
HOME HEALTH CARE PROGRAM,

                                     Defendants. :
------------------------------------------------------------X

## I. Background

On December 29, 2010, Relator June Raffington ("Relator") filed a complaint under the *qui tam* provisions of the False Claim Act, 31 U.S.C. § 3729 *et seq.* ("FCA") and the New York State False Claims Act, N.Y. State Finance Law § 189, *et seq.* ("NYSFCA") against Bon Secours Health System, Inc., Bon Secours New York Health System, and Schervier Long Term Home Health Care Program (collectively, "Defendants"). (*See* Compl., dated Dec. 29, 2010.) Relator alleges, among other things, that Defendants defrauded the U.S. Government and New York State Government by submitting millions of dollars in false claims to Medicare and the New York Medicaid program for home health services. (*Id.* ¶ 1.) Relator has since amended her complaint six times—the Sixth Amended Complaint was filed on February 1, 2018. (*See* Sixth Am. Compl., dated Feb. 1, 2018.)

On September 4, 2020, following years of litigation, Defendants filed a motion to exclude Relator's proposed expert report prepared by investigator Jessica Schmor ("Schmor Report"). (*See* Defs.' Mot., dated Sept. 4, 2020, at 9.) Upon referral, Magistrate Judge Gabriel W. Gorenstein

1

heard oral argument on Defendants' motion to exclude the Schmor Report on March 10, 2021 and March 29, 2021. (*See* Hr'g Tr., dated March 10, 2021 ("3/10/21 Tr.") and Hr'g Tr., dated March 29, 2021 ("3/29/21 Tr.").) On March 29, 2021, Judge Gorenstein granted the motion to exclude on the grounds that the Schmor Report "as currently constituted is not relevant" to the claims alleged in the Sixth Amended Complaint. (3/29/21 Tr. at 77:4–5.) Judge Gorenstein found that the Schmor Report discusses "whether [Defendants'] services had been authorized by a doctor or anyone else," (*id.* at 73:23–74:14), and noted that the Sixth Amended Complaint "address[es] only the issue of [Defendants] submitting forged claims without regards to" whether the "forged signatures . . . . were backed up . . . with an actual physician oral authorization or anything else." (*Id.* at 70:9–10; 3/10/21 Tr. at 34:16–19.) On April 13, 2021, Relator filed objections to Judge Gorenstein's ruling. (*See* Rel.'s Objs., dated Apr. 13, 2021.) For the reasons stated below, the Court denies the objections and affirms Judge Gorenstein's ruling.

On May 7, 2021, Relator sought to amend her complaint (for the seventh time). (*See* Rel.'s Mot. for Leave, dated May 7, 2021.) On October 13, 2021, Judge Gorenstein granted in part and denied in part the motion for leave to amend by permitting Relator to "amend her complaint only to add allegations related to the [so-called] nurses' assessments claim" which had been "present in prior versions of Relator's complaint." (Order, dated Oct. 13, 2021, at 27–28.) Judge Gorenstein denied leave to amend insofar as the proposed amendment **"add[ed] a new theory of FCA liability based on a lack of timely physician authorization."** (*Id.* at 27 (emphasis added).) Judge Gorenstein stated: "[T]he proposed amendment regarding physician authorization is futile because it does not relate back [to the complaint] and is thus time-barred." (*Id.* at 21.) On October 14, 2021, Relator filed objections to Judge Gorenstein's ruling regarding amending the complaint.

2

(*See* Rel.'s Objs., dated Oct. 14, 2021.)  For the reasons stated below, the Court denies the objections and affirms Judge Gorenstein's ruling.[1]

## II. Legal Standard

A district judge reviews a magistrate judge's ruling regarding a non-dispositive matter under the "clearly erroneous or contrary to law" standard.  *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990) (citing Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A)); *see also Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007).  "A nondispositive matter [i]s one that is 'not dispositive of a party's claim or defense.'"  *United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020) (citations omitted).  A magistrate judge's "order is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013); *see also Gualandi v. Adams*, 385 F.3d 236, 240 (2d Cir. 2004).  The magistrate judge's order "is contrary to law if it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Khaldei*, 961 F. Supp. at 575 (citations and quotation marks omitted).  This standard of review is "highly deferential," and "the objector thus carries a heavy burden."  *Id.* (citations omitted).

## III. Analysis

The Court finds that Judge Gorenstein's March 29, 2021 Order regarding the expert report and his October 13, 2021 Order regarding the motion for leave to amend the complaint are non-dispositive.  *See Thomas E. Hoar, Inc.*, 900 F.2d at 525; *Fielding*, 510 F.3d at 178.  A magistrate judge's "decision to admit or exclude expert testimony is considered 'nondispositive' of the litigation."  *RMed Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94 Civ. 5587, 2000 WL 420548,

---

[1] **Any issues raised by the parties not specifically addressed herein were considered by the Court on the merits and rejected.**

at *2 n.1 (S.D.N.Y. Apr. 18, 2000) (citations omitted); *see also, e.g.*, *Sansalone v. Bon Secours Charity Health Sys., Inc.*, No. 05 CIV. 8606 (BSJ), 2009 WL 1649597, at *1 (S.D.N.Y. June 11, 2009). The October 13, 2021 Order is also non-dispositive. *See Fielding*, 510 F.3d at 178 (citing 28 U.S.C. § 636; Fed. R. Civ. P. 72(a) (a motion to amend a complaint is non-dispositive); *see also Gullo v. City of New York*, 540 Fed. App'x 45 (2d Cir. 2013).

### March 29, 2021 Order

Judge Gorenstein's March 29, 2021 Order is not clearly erroneous or contrary to law, as the ruling did not, upon review of the record, involve any mistake or any misapplication of relevant law. *See Khaldei*, 961 F. Supp. at 575. Judge Gorenstein carefully analyzed the record and determined that the language of the Sixth Amended Complaint did not "put[] the defendant on notice that physician approvals are at issue." (3/29/21 Tr. at 62:18–20.) Among other things, Judge Gorenstein carefully considered each paragraph of the Sixth Amended Complaint and the parties' presentations and arguments. (*See, e.g.*, *id.* at 5–43; *see also* 3/10/21 Tr. at 34:15–17 ("[T]here's no way [the complaint] put anyone on notice, that the claim [found] there was anything other than a pure claim about forged signatures."); Fed. R. Civ. P. 8, 9(b), 26).)

### October 13, 2021 Order

The October 13, 2021 Order is similarly not clearly erroneous or contrary to law. *See Khaldei*, 961 F. Supp. at 575. Judge Gorenstein carefully examined the Sixth Amended Complaint and found that Relator's "proposed amendment adding a new theory of FCA liability based on a lack of timely physician authorization would be futile because it does not relate back" to Relator's complaint. (Order, dated Oct. 13, 2021, at 27.) "[I]t was not 'actually pleaded.'" (*Id.* at 24 (citing *Hayes v. Dep't of Educ. of City of N.Y.*, 20 F. Supp. 3d 438, 445 (S.D.N.Y. 2014); *United States ex rel. Wood v. Allergan, Inc.*, 246 F. Supp. 3d 772, 803–804 (S.D.N.Y. 2017), *rev'd and remanded*

4

*on other grounds*, 899 F.3d 163 (2d Cir. 2018)).)

The October 13, 2021 Order is well-reasoned. Judge Gorenstein's written decision, among other things, carefully weighs the law of undue delay, bad faith, futility, and undue prejudice. (*See* Order, dated Oct. 13, 2021, at 8–11 (citing *Foman v. Davis*, 371 U.S. 178 (1962); Fed. R. Civ. P. 15).) Relator's "proposed amendment to add [the physician authorization] claim would be futile," (Order, dated Oct. 13, 2021, at 25), and Relator "offer[ed] no satisfactory explanation" for her delay. (*Id.* at 13 (citation and quotation marks omitted).)

## IV. Conclusion & Order

For the foregoing reasons, Relator's Objections [#536] to Judge Gorenstein's March 29, 2021 Order and Relator's Objections [#555] to Judge Gorenstein's October 13, 2021 Order are denied.

Dated: New York, New York
       February 14, 2023

                                        RMB
                              _____
                              **RICHARD M. BERMAN, U.S.D.J.**